
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 JUL 22 AM 9: 49

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of Alan Meirhofer. | No. 68998-3-I (consolidated with 67932-5-I) |
| ALAN MEIRHOFER, | DIVISION ONE |
| Petitioner, | |
| v. | |
| STATE OF WASHINGTON, | UNPUBLISHED OPINION |
| Respondent. | FILED: July 22, 2013 |
| In the Matter of the Detention of Alan Meirhofer. | |
| ALAN MEIRHOFER, | |
| Petitioner, | |
| v. | |
| STATE OF WASHINGTON, | |
| Respondent. | |

BECKER, J. — This case consolidates a motion for discretionary review and a personal restraint petition brought by a sexually violent predator. The petitioner, committed 13 years ago, seeks relief from confinement. We conclude he has not established a basis for a new trial on whether he continues to be mentally ill and dangerous.

Alan Meirhofer, 35 years old at the time, pleaded guilty in 1988 to rape and kidnapping charges involving one 13 year-old boy, and burglary and assault charges involving another 13-year-old boy. In 1996, before Meirhofer finished serving his sentence, the State petitioned to have him declared a sexually violent predator. He was committed and sent to McNeil Island in May 2000, where he has remained ever since. Meirhofer has not engaged in treatment while at McNeil Island.

Every year, as required by statute, the State has had Meirhofer's mental condition reviewed by a qualified professional to determine whether or not his confinement was still warranted. RCW 71.09.070(1); WAC 388-880-031. Under the statutory scheme, after each annual review, a show cause hearing is held to determine whether probable cause exists for a new evidentiary hearing on the civil commitment. RCW 71.09.090(2)(a). The court must order a new evidentiary hearing if, at the annual show cause hearing, the State fails to present prima facie evidence establishing that the committed person "continues to meet the definition of a sexually violent predator" and that a less restrictive alternative is not warranted. RCW 71.09.090(2)(b)-(c). In making this showing, the State can rely exclusively on the annual review report. RCW 71.09.090(2)(b). Even if the State meets its prima facie burden, the confined person will still obtain a new evidentiary hearing if the court determines that "probable cause exists to believe that the person's condition has so changed" that he is no longer a sexually violent predator or that a less restrictive alternative than full confinement is

2

appropriate. RCW 71.09.090(2)(c). Apart from the annual review process, the confined person may independently petition the court for release at any time. RCW 71.09.090(2)(a); WAC 388-880-050(3)(b).

As a result of legislation in 2005, the confined person cannot establish probable cause for an evidentiary hearing merely by showing advancing age or any other "single demographic change." RCW 71.09.090(4)(c). If the State satisfies its prima facie burden, a new hearing is available only upon a showing that the confined person has undergone either (1) a profound and permanent physiological change, such as a stroke, paralysis, or dementia—potentially rendering him no longer dangerous—or (2) a profound mental change by receiving psychological treatment services during confinement—potentially rendering him no longer mentally ill. RCW 71.09.090(4)(b); State v. McCuistion, 174 Wn.2d 369, 392, 275 P.3d 1092 (2012), cert. denied, 133 S. Ct. 1460 (2013).

At the commitment trial in 2000, there was expert testimony diagnosing Meirhofer with pedophilia, paraphilia not otherwise specified (NOS) nonconsent, and personality disorder. The State's experts estimated his risk of reoffending in the range of 49 percent to 92 percent.

In April 2010, State psychologist Dr. Rob Saari wrote a report of an annual review of Meirhofer. Dr. Saari's report expressed an unambiguous opinion that Meirhofer still met the statutory definition of a sexually violent predator and should remain in full confinement. He did change one of Meirhofer's diagnoses from pedophilia—sexual attraction to *prepubescent* children—to paraphilia NOS

hebephilia—sexual attraction to *pubescent* children. Dr. Saari explained that he changed the diagnosis because of Meirhofer's refusal to admit he ever had any sexual interest in or experience with boys younger than age 13. Dr. Saari estimated Meirhofer was at a 30 percent risk of recidivism over 10 years.

Meirhofer filed a motion for a new trial in February 2011, asking the superior court to find probable cause that he was no longer a sexually violent predator and to order an evidentiary hearing. He claimed that his petition was supported by Dr. Saari's report and by an expert evaluation he had obtained from Dr. Luis Rosell. Dr. Rosell expressed the opinion that Meirhofer was not a sexually violent predator with a mental abnormality; he was merely a person who had suffered primarily from chemical dependency issues. Dr. Rosell believed Meirhofer's risk of reoffense was between 18 percent and 29 percent over 10 years.

The trial court delayed making the probable cause decision until after the Supreme Court issued its final decision in McCuistion. In the interim, Dr. Saari performed Meirhofer's 2011 annual review. He reiterated the hebephilia diagnosis and the 30 percent actuarial risk estimate.

In October 2011, the trial court entered an order finding no probable cause for a new trial. The court concluded Dr. Saari's most recent annual review met the State's prima facie burden of justifying Meirhofer's continued commitment, and Meirhofer had failed to show that he had suffered any debilitating physical change or that he had participated in any treatment services. Meirhofer's motion

4

for discretionary review is now before this court. He has also filed a personal restraint petition as an alternative means of establishing that grounds for confining him no longer exist. The motion and petition have been consolidated for review.

## ORDER ON PROBABLE CAUSE HEARING

Meirhofer argues discretionary review is warranted under RAP 2.3(b)(2) because by denying Meirhofer a new evidentiary hearing, the trial court committed probable error which substantially limited Meirhofer's freedom to act.

This court reviews de novo a trial court's legal conclusion as to whether evidence meets the standard of probable cause required for a sexually violent predator to obtain a new commitment trial. In re Det. of Petersen, 145 Wn.2d 789, 799, 42 P.3d 952 (2002). The court must order a full retrial on the person's civil commitment if the court finds either (1) a deficiency in the State's prima facie case for continued commitment or (2) sufficiency of proof by the committed person that he has "so changed" that he no longer meets the criteria for a sexually violent predator. RCW 71.09.090(2)(c); see Petersen, 145 Wn.2d at 798.

As to the first issue, we conclude the State's evidence was not deficient. Dr. Saari's annual review reports for 2010 and 2011 satisfied the State's prima facie showing of a continuing basis for commitment. Dr. Saari determined that Meirhofer was still mentally ill and dangerous to the community. Factors that Dr. Saari considered included: (1) Meirhofer's persistent refusal, over more than 10

5

years, to participate in any treatment services; (2) his denial that he suffers from any psychological problems to address in treatment; (3) his claim that his former drug addictions were the sole cause of his violent sexual crimes against children; (4) his unwillingness to undergo polygraph testing to assess the range of his offending; (5) his generally guarded demeanor that suggested a lack of openness and honesty about current sexual interests and a number of unproved child rape accusations; (6) his lack of concern over relapsing into alcohol or methamphetamine addiction upon release; (7) his unwillingness to consider any supervisory conditional release program short of full release from confinement; and (8) his generally poor insight into his psychosocial problems and the risk associated with using substances.

As to the second issue, we conclude Meirhofer's own evidence was insufficient to prove that he has "so changed" that confinement is no longer warranted. Meirhofer made no claim to have undergone any significant physiological change beyond the mere fact of his advancing age. And he steadfastly refused to participate in treatment services of any kind. See RCW 71.09.090(4)(b)(i)-(ii). Without prima facie evidence of one of these two specific types of change, there is "neither a statutory nor a constitutional right to an evidentiary hearing." McCuistion, 174 Wn.2d at 374.

The trial court did not commit probable error warranting relief on discretionary review when it ruled that Meirhofer failed to establish probable cause warranting a new trial under RCW 71.09.090.

PERSONAL RESTRAINT PETITION

This court will grant relief to an individual who is under unlawful restraint. RAP 16.4(a). Confinement is a form of restraint. RAP 16.4(b). Restraint is unlawful if, among other reasons, the restraint violates either the state or federal constitution or any state law, RAP 16.4(c)(2), or "material facts exist which have not been previously presented and heard, which in the interest of justice require vacation" of the order of confinement. RAP 16.4(c)(3). Relief may be granted under this rule if the new evidence (1) will probably change the result of trial, (2) was discovered since trial, (3) could not have been discovered before trial by the exercise of due diligence, (4) is material, *and* (5) is not merely cumulative or impeaching. In re Pers. Restraint of Lord, 123 Wn.2d 296, 319-20, 868 P.2d 835, cert. denied, 513 U.S. 849 (1994). The standard applied under this rule is the same as that applied to motions for new trial made on the same ground. Lord, 123 Wn.2d at 319; State v. Williams, 96 Wn.2d 215, 223, 634 P.2d 868 (1981). The absence of any one of the five factors is grounds for the denial of a new trial. Williams, 96 Wn.2d at 223.

A personal restraint petition is available as a means of collateral attack upon an initial order of commitment. McCuistion, 174 Wn.2d at 386 n.6. Meirhofer, however, does not bring this petition as a collateral attack upon his initial commitment. He brings it as a means of attacking his ongoing confinement. He contends that even if this court concludes he is not entitled under RCW 71.09.090 to a full trial on the merits, we should nevertheless grant

7

him that relief under the standards applicable to a personal restraint petition.

The uncontroversial premise of Meirhofer's argument is that ongoing confinement is unconstitutional for an individual who is no longer both mentally ill and dangerous. Kansas v. Hendricks, 521 U.S. 346, 358, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997); Foucha v. Louisiana, 504 U.S. 71, 77, 112 S. Ct. 1780, 118 L. Ed. 2d 437 (1992). Meirhofer contends that the reports by Drs. Saari and Rosell, both of whom found shifts in Meirhofer's mental illness diagnoses and gave reduced actuarial estimates of his risk of reoffense, amount to newly discovered evidence that he is no longer both mentally ill and dangerous. Therefore, he argues, his confinement is unconstitutional unless he is allowed to show this evidence to a jury in a new commitment trial.

The current statute preempts the argument that an evidentiary hearing may be granted based on the kind of "change" Meirhofer asserts he has shown. Under the 2005 amendment to the statute, he is not entitled to an evidentiary hearing unless he can show probable cause that he is "so changed" in either of two ways: through physiological disability or mental change through treatment. RCW 71.09.090(4). Because Meirhofer's new evidence does not fall into either category, it is not material to the lawfulness of his confinement. Materiality is one of five factors required under Lord; if it is not established, his personal restraint petition fails. Lord, 123 Wn.2d at 319; Williams, 96 Wn.2d at 223.

Meirhofer appears to be arguing that by filing a personal restraint petition, he can avoid the limitations of the current statute. In fact, he suggests that

McCuistion is authority for his argument. He cites footnote 6 in McCuistion as holding that the statutory scheme is constitutional only because a personal restraint petition offers an alternative route to release:

> The Court indicated that the amendments were constitutional because a detainee who had evidence the State was continuing to confine him in the absence of the constitutional requirements of mental illness and dangerousness could file a PRP *even if he could not obtain relief through the annual review process.*

Petition at 6 (emphasis added), citing McCuistion, 174 Wn.2d at 386 n.6.

This argument does not accurately represent McCuistion. What the court actually said in the passage immediately before footnote 6 was that if a detainee possessed evidence that he was not *and had never been* mentally ill, such evidence would not support relief through the annual review process because it was in effect a collateral attack upon the initial order of commitment:

> While Dr. Coleman asserted in his declaration that Mr. McCuistion did not meet the criteria for confinement and indeed had never met these criteria, his declaration did not account for the discrepancy between his conclusion and the jury's initial finding that Mr. McCuistion met SVP criteria. Consequently, ordering a new trial on the basis of Dr. Coleman's declaration would have required the trial court to discredit the jury's initial determination, effectively allowing Mr. McCuistion to collaterally attack his commitment.

McCuistion, 174 Wn.2d at 386. Footnote 6 adds, "SVPs are not precluded from collaterally attacking their *initial commitment orders*. However, the appropriate vehicle for a collateral attack is a personal restraint petition." McCuistion, 174 Wn.2d at 386 n.6 (emphasis added).

McCuistion, in short, does not authorize use of a personal restraint petition to challenge a detainee's ongoing confinement. McCuistion holds that the

statutory scheme that allows ongoing confinement "comports with substantive due process" precisely because the annual review process serves to identify those detainees who are no longer mentally ill and dangerous. McCuistion, 174 Wn.2d at 388. Having failed to show that he has changed in a way that satisfies the statutory scheme, Meirhofer is not entitled to sidestep the commitment statute by means of a personal restraint petition.

The motion for discretionary review is denied. The personal restraint petition is also denied.

Becker, J.

WE CONCUR:

Spearman, A.C.J.

Grosse, J.